MARGARET RANKIN, DOUGLAS RANKIN, THOMAS HOGAN, CATHERINE HOGAN, and MARION JEWHURST, Respondents, v. LOUIS GRANAT, Appellant.— Order denying the defendant's motion for an order amending a judgment of affirmance to conform to the order of this court, reversed on the facts, without costs, and motion granted, without costs, to the extent of providing that the judgment as entered on the 19th day of June, 1937, be amended by inserting in the recitation, after the words " unanimously affirmed the said judgment with costs " and before the words " and the costs of the respondents," and in the first decretal paragraph after the words " unanimously affirmed " and before the words " and it is further," the following: " As to all the plaintiffs except Margaret Rankin, as to which one of the justices dissented in respect to the damages and voted to reinstate the verdict before reduction, under the provisions of section 584-a, Civil Practice Act." This amendment conforms the judgment to our order. Hagarty, Carswell, Johnston, Adel and Close, JJ., concur.

STEPHEN R. J. ROACH, as Executor, etc., of SERAFINA ARONE, Respondent, v. BERNARDINO GROZIANI, Also Known as BERNARDINO GROZINE, and ROSE PEPE, Appellants.— In an action upon a promissory note, judgment of the City Court of the. City of White Plains for plaintiff affirmed, with costs. No opinion. Hagarty, Davis and Taylor, JJ., concur; Carswell and Adel, JJ., dissent and vote to reverse and send back for a new trial so that the facts may be more fully developed and the truth as to what the complete representations and arrangement were may be ascertained.

BENJAMIN TANNENBAUM, Respondent, v. SAMUEL A. KLEIN, Appellant.— In an action to recover for personal injuries alleged to have been caused by the negligent practice of the defendant, a dentist, judgment in favor of the plaintiff reversed on the law and the facts and a new trial granted, costs to abide the event. The finding that the bony growth and the subsequent injuries to plaintiff were caused by defendant's treatment is against the weight of the evidence. Further, it was error to charge as the court did at folio 772. The effect of the erroneous instruction was to charge the defendant, a general practitioner, with liability for undertaking the extraction of plaintiff's tooth, which was entirely embedded in the jaw bone. If he was not negligent, defendant would not be liable for the mere undertaking of the extraction. Hagarty, Carswell, Johnston, Adel and Close, JJ., concur.